UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN M. ENGEBRECHT,

    Plaintiff,       CASE NO. 12-11342
v.       HON. MARIANNE O. BATTANI

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER OF THE COURT ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Karen Engebrecht brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying her application for benefits under the Social Security Act, 42 U.S.C. § 401 et seq. Plaintiff filed her claims on December 14, 2006, alleging disability as of October 17, 1997. After Plaintiff's claim was denied, she requested a hearing. Administrative Law Judge Peter N. Dowd ("ALJ") presided over the October 16, 2009 hearing. In a decision dated January 15, 2010, the ALJ denied benefits.

On January 15, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff timely filed this action for judicial review of the Commissioner's decision. The case was referred to Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636. The parties filed cross-motions for summary judgment. In his Report and

Recommendation (R&R), Magistrate Judge Grand recommended that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed an objection to the R & R.  For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed an objection, the district court conducts a *de novo* review of those parts of the report and recommendation to which the party objects.  28 U.S.C. § 636(b)(1).  Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence, and whether the Commissioner employed proper legal standards in reaching his conclusion.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993).  A decision that is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Mullen, 800 F.2d at 545.  When the Appeals Council declines to

review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may not review the evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889 F.2d at 681. Credibility determinations by the ALJ should be accorded deference by the reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

### III. ANALYSIS

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).

The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, she is not disabled under the guidelines. The second step examines whether the claimant has a severe impairment which significantly limits her ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. § 404, Subpt. P, to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable her to perform other work in the national economy. Id.

Here, Plaintiff objects to the ALJ's conclusion that Plaintiff's "significant mental difficulties with work related activities" precluded her from performing her past job or a job with similar duties, but did not prevent her from performing other work. According to Plaitniff, there is no medical or vocational evidence in the record limiting her mental difficulties to a high stress job. The Court disagrees. In this case, the Magistrate Judge conducted an exhaustive review of the record, including the opinions of the medical professionals who treated Plaintiff, her daily activities, her work history, and her conservative treatment, in formulating his recommendation that the ALJ's decision must be upheld. This Court finds the analysis adheres to legal authority and correctly applies the law to the facts. Notably, the ALJ is not bound by a treating physician's assessment that a claimant is disabled. The decision is within the province of the ALJ. See 20 C.F.R. § 404.1527(e)(1).

In addition, contrary to Plaintiff's argument that the ALJ did not give sufficient deference to Robert Plummer, Ph.D.'s 1998 assessment, the ALJ considered the medical assessments included in the record, even if the ALJ did not identify by name every consultant. First and foremost, the opinion of a consultative examiner typically is given less weight than a treating physician's. See 20 C.F.R. § 404.1527(d). Second, Plaintiff's position was rejected in Dykes ex rel. Brymer v. Barnhart, 112 F. App'x 463, 468 (6th Cir. 2004), wherein the appellate court observed that "although required to develop the record fully and fairly, an ALJ is not required to discuss all of the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." As noted by the Magistrate Judge, the ALJ referenced the consultative examination report at various points in the administrative decision. Although the ALJ did not articulate a detailed

4

analysis of the RFC assessment, he did discuss at length the opinions of the treating sources, which were consistent with the RFC, and why he did not accept the conclusion that Plaintiff was disabled. Therefore, the absence of a detailed discussion of the assessment is harmless.

In sum, the ALJ properly considered the entire record, including evidence that undermines Plaintiff's claim. The existence of favorable bits and pieces in the record do not demonstrate a different outcome is required. This Court's role is merely to determine whether substantial evidence supports the decision. Here, there is ample evidence in the record to support the ALJ's conclusion that Plaintiff is not disabled.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                      s/Marianne O. Battani
                      HON. MARIANNE O. BATTANI
                      UNITED STATES DISTRICT JUDGE

DATE: August 29, 2013

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to counsel of record on this date by e-filing and/or ordinary mail.

                      s/Bernadette M. Thebolt
                      Case Manager